UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| GARY PAUL KARR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 19-cv-1037-JES |
| | ) | |
| STEVE KALLIS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER AND OPINION

Now before the Court is Petitioner Gary Paul Karr's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (d/e 1). Petitioner is currently incarcerated at the Pekin Federal Correctional Institution in Pekin, Illinois. Also before the Court is Respondent's Motion to Dismiss (d/e 8). For the reasons set forth below, Respondent's Motion to Dismiss (d/e 8) is GRANTED and Petitioner's Petition (d/e 1) is DISMISSED pursuant to 28 U.S.C. § 2255(e).

### BACKGROUND

In December 1999, a federal grand jury in the United States District Court for the Western District of Texas charged Petitioner with conspiracy to kidnap, in violation of 18 U.S.C. §§ 1201(c), 2 (Count 1); conspiracy to interfere with commerce by robbery and extortion, in violation of 18 U.S.C. §§ 1951 and 2 (Count 2); interstate travel to commit a crime of violence (robbery), in violation of 18 U.S.C. §§ 1952 and 2 (Count 3); conspiracy to engage in a monetary transaction in criminally derived property, in violation of 18 U.S.C. §§ 1956(h), 1957 and 2 (Count 4); and interstate transportation of stolen property, in violation of 18 U.S.C. §§ 2314 and 2 (Count 5). Indictment, *United States v. Karr*, Case No. 1:99-cr-00274-SS (W.D. Tex.) (hereinafter, "Crim."), (d/e 5).

Prior to trial, the Government filed a notice of its intent to use prior convictions to enhance Petitioner's sentence under the "three strikes" provision of 18 U.S.C. § 3559(c). Information and Notice (Crim., d/e 36). Pursuant to § 3559(c)(1), "a person who is convicted in a court of the United States of a serious violent felony shall be sentenced to life imprisonment if . . . the person has been convicted (and those convictions have become final) on separate prior occasions in a court of the United States or of a State of . . . 2 or more serious violent felonies." *Id.* "Serious violent felony" is defined to include specific enumerated offenses, including kidnapping and robbery, and conspiracy to commit any of the enumerated offenses. 18 U.S.C. § 3559(c)(2)(F)(i). Additionally, a "serious violent felony" is "any other offense punishable by a maximum term of imprisonment of 10 years or more that has as an element the use, attempted use, or threatened use of physical force against the person of another or that, by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense." 18 U.S.C § 3559(c)(2)(F)(ii). The statute further states that:

> Robbery, an attempt, conspiracy, or solicitation to commit robbery; or an offense described in paragraph (2)(F)(ii) shall not serve as a basis for sentencing under this subsection if the defendant establishes by clear and convincing evidence that
>
> > (i) no firearm or other dangerous weapon was used in the offense and no threat of use of a firearm or other dangerous weapon was involved in the offense; and
> >
> > (ii) the offense did not result in death or serious bodily injury (as defined in section 1365) to any person."

18 U.S.C. § 3559(3)(A).

Here, the Government's Notice identified eight predicate serious violent felony convictions of Petitioner: (1) Indecent Liberties with a Child, Kane County, Illinois, Case No. 66-CI-3200; (2) Robbery, Cook County, Illinois, Case No. 72-81; (3) Robbery, Cook County, Illinois Case No. 72-80; (4) Armed Robbery, Cook County Illinois, Case No 72-14; (5) Armed

Robbery, Jefferson County, Wisconsin, Case No. 74-454; (6) Armed Robbery, Kane County, Illinois, Case No. 74-CF-44028; (7) Aggravated Kidnapping, Lake County, Illinois, Case No. 75-CF-104; and (8) Armed Robbery, McHenry County, Illinois, Case No. 74-4634. Information and Notice (Crim., d/e 36).

Petitioner proceeded to trial in May 2000. The jury found Petitioner not guilty of Count 1, but guilty of Counts 2, 3, 4, and 5. Jury Verdict (Crim., d/e 78-1). The jury found that the Government had not proven beyond a reasonable doubt that the offense charged in Count 3 resulted in the death of another person. *Id.*

The United States Probation Office prepared a presentence report, finding that Petitioner was subject to mandatory life sentences on Counts 2 and 3 pursuant to § 3559(c)(3). PSR ¶¶ 8, 53 (d/e 10). Prior to sentencing, Petitioner filed a Motion to Quash the Government's Information and Notice regarding the applicability of § 3559(c)(3). *See* Motion to Quash (Crim., d/e 84). In his Motion, Petitioner argued that he did not have two or more serious violent felonies, because his most recent four convictions resulted in a concurrent sentence, so could only count for one violent felony, and the other four convictions (one conviction for indecent liberties with a child, and three concurrent convictions for robbery and armed robbery) did not qualify as serious violent felonies. *Id.* at 2. Petitioner also objected to the PSR's finding that his convictions on Counts 2 and 3 qualified as serious violent felonies because this determination had not been made by the jury. *See* PSR Addendum, Defendant's Objections at 24 (d/e 10).

A sentencing hearing was held on August 17, 2000. The district judge denied the Motion to Quash and the overruled Petitioner's objection to the PSR. Crim., Aug. 17, 2000 Oral Order. Petitioner was sentenced to a mandatory life imprisonment sentence on Counts 2 and 3, and a

115-month imprisonment sentence on Counts 4 and 5, to be served concurrently. Judgment (Crim., d/e 87).

Petitioner appealed, challenging, in part, whether a jury should have determined whether Counts 2 and 3 qualified as serious violent felonies pursuant to § 3559(c). *United States v. Karr,* No. 00-50785 (5th Cir.). The Fifth Circuit denied his appeal. *United States v. Karr*, 273 F.3d 1098 (5th Cir. 2001) (unpublished). The Supreme Court denied certiorari. *Karr v. United States*, 534 U.S 1150 (2002). Petitioner filed his initial motion under 28 U.S.C. § 2255 in 2003, arguing various grounds of ineffective assistance of counsel. Motion (Crim., d/e 113). The district court denied the motion. Order (Crim. d/e 119).

Petitioner next filed a motion for authorization to file a successive § 2255 motion with the Fifth Circuit in May 2014, raising his prior argument that his sentence under § 3559(c) should have been presented to a jury and were not. Motion (Crim., d/e 127). The Fifth Circuit denied authorization to file a successive § 2255 motion in August 2014. Order (Crim. d/e 162).

Petitioner filed another motion for authorization to file a successive § 2255 motion with the Fifth Circuit on June 28, 2016. *In re: Gary Karr*, No. 16-50771(5th Cir.). He argued that, in light of the Supreme Court's decision in *United States v. Johnson*, 135 S. Ct. 2551 (2015), which held that the residual clause of the definition of violent felony in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague, the similarly worded residual clause in the definition of serious violent felony in § 3559(c)(2)(F)(ii) is also unconstitutionally vague. Motion (Crim., d/e 163). Accordingly, he argued, he should be resentenced without the § 3559(c) sentencing enhancement. *Id.* The Fifth Circuit denied his motion for authorization, finding that, while the language in the two residual clauses is similar,

"*Johnson* only addresses the ACCA's residual clause and no other statute or guideline." *In re: Gary Karr*, No. 16-50771 (5th Cir. Aug. 10, 2016).

Petitioner has now filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (d/e 1). He argues that the residual clause of § 3559(c)(2)(F)(ii) is also unconstitutionally vague in light of *United States v. Johnson*, 135 S. Ct. 2551 (2015), and *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018). Accordingly, he argues his conviction for conspiracy to commit Hobbs Act robbery (conspiracy to interfere with commerce by robbery and extortion in violation of 18 U.S.C. §§ 1951 and 2) (Count 2) and his conviction for interstate travel to commit a crime of violence (robbery), in violation of 18 U.S.C. §§ 1952 and 2 (Count 3) are not violent felonies within the meaning of § 3559(c). If these arguments are correct, he would not be subject to the § 3559(c) sentencing enhancement on Count 2 and his conviction for Count 3 would be void.

Respondent has filed a Motion to Dismiss (d/e 8), arguing his claims do not satisfy the requirements of the 28 U.S.C. § 2255(e) savings clause. Petitioner filed a Reply (d/e 13). Petitioner has also filed a Notice (d/e 15) seeking to additionally rely on the Supreme Court's decision in *United States v. Davis,* 139 S.Ct. 2319 (2019). This Order follows.

## LEGAL STANDARD

Generally, federal prisoners who seek to collaterally attack their conviction or sentence must proceed by way of motion under 28 U.S.C. § 2255, the so-called "federal prisoner's substitute for habeas corpus." *Camacho v. English*, 16-3509, 2017 WL 4330368, at *1 (7th Cir. Aug. 22, 2017) (*quoting Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)). The exception to this rule is found in § 2255 itself: a federal prisoner may petition under § 2241 if the remedy under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Under the "escape hatch" of § 2255(e), "[a] federal prisoner should be permitted to

seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). Thus, the Seventh Circuit has held that "alternative relief under § 2241 is available only in limited circumstances: specifically, only upon showing "(1) that he relies on 'not a constitutional case, but a statutory-interpretation case, so [that he] could not have invoked it by means of a second or successive section 2255 motion,' (2) that the new rule applies retroactively to cases on collateral review and could not have been invoked in his earlier proceeding, and (3) that the error is 'grave enough ... to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding,' such as one resulting in 'a conviction for a crime of which he was innocent.'" *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016), *cert. denied sub nom. Montana v. Werlich*, 137 S. Ct. 1813, 197 L. Ed. 2d 758 (2017) (*citing Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)).

## DISCUSSION

Petitioner's claims rely on the Supreme Court cases of *United States v. Johnson*, 135 S.Ct. 2551 (2015), *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018), and, now, *United States v. Davis,* 139 S.Ct. 2319 (2019). These cases are all cases of constitutional interpretation, as they found the residual clauses in various statutes to be unconstitutionally vague. *See Johnson*, 135 S.Ct. at 2563 (holding that residual clause of the definition of violent felony in 18 U.S.C. § 924(e)(2)(B)(ii) is unconstitutionally vague); *Dimaya*, 138 S.Ct. at 1215-16 (holding that the residual clause of 18 U.S.C. § 16, as incorporated into the Immigration and Nationality Act's definition of aggravated felony, was unconstitutionally vague); *Davis,* 139 S.Ct. at 2324 (holding that the residual clause of the definition of violent felony in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague). The savings clause is restricted to cases of statutory interpretation

because appropriate cases of constitutional interpretation can be brought in second or successive § 2255 motions under § 2255(h)(2). Accordingly, Petitioner's claims fail to fall within the § 2255(e) saving clause and must be dismissed. *See Montana*, 829 F.3d at 783.

Petitioner, however, argues that his case presents "another type of structural problem with § 2255" that should be allowed to proceed under the § 2555(e) savings clause. He argues that he has a constitutional claim that was not previously available, but for which he cannot obtain authorization for in the Fifth Circuit, and that this situation presents another structure problem like the ones identified in *Davenport* and *Webster v. Daniels,* 784 F.3d 1123 (7th Cir. 2015) (*en banc*). The structural problem identified in *Webster* was that § 2255 prohibited a petitioner from presenting newly discovered evidence would show that a type of penalty—the death penalty—is not constitutionally permitted. *Webster,* 784 F.3d at 1138.

The Court does not find that Petitioner has identified a structural problem with § 2255. Unlike *Webster* and unlike cases based on statutory decisions that can proceed under the savings clause due to the structural problem outlined in *Davenport,* there is a process within § 2255 that allows appropriate constitutional arguments to proceed on successive § 2255 motions. Petitioner used this process and filed an application to file a successive § 2255 motion in the Fifth Circuit. *In re: Gary Karr*, No. 16-50771 (5th Cir. Aug. 10, 2016) (finding "*Johnson* only addresses the ACCA's residual clause and no other statute or guideline."). That the Fifth Circuit denied his application to file a successive § 2255 motion does not make § 2255 ineffective or inadequate. *See Brown v. Caraway*, 719 F.3d 583, 597 (7th Cir. 2013) ("A motion under § 2255 could reasonably be thought "inadequate or ineffective to test the legality of [the prisoner's] detention" if a class of argument were categorically excluded, but when an argument is permissible but fails

on the merits there is no problem with the adequacy of § 2255."); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (the savings clause is concerned with "procedures rather than outcomes").

Petitioner also argues in his reply that *Dimaya* is actually a case of statutory interpretation. Reply at 1 (d/e 13). He provides no support for this argument, and he is incorrect. In *Dimaya*, the Supreme Court held that the residual clause of 18 U.S.C. § 16, as incorporated into the Immigration and Nationality Act's definition of aggravated felony, was unconstitutionally vague. 138 S.Ct. at 1215-16. However, while the Supreme Court necessarily had to interpret the meaning of § 16 to determine if it was constitutional, its holding was to find that the statute was unconstitutional, making it a case of constitutional interpretation.

The Court also notes that *United States v. Davis,* 139 S.Ct. 2319 (2019), does not change the Court's analysis here. *Davis* held that the categorical approach applies to the definition of violent felony in 18 U.S.C. § 924(c) and that the residual clause in § 924(c)(3)(B), which provides for longer prison sentences for anyone who uses a firearm in connection with federal crimes "that by [their] nature, involve[e] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," is unconstitutionally vague. *Id.* at 2324. While this case provides additional support for Petitioner's underlying argument that § 3559(c)'s residual clause is also vague, it does not allow Petitioner to meet the requirements of the § 2255(e) savings clause. Like *Johnson* and *Dimaya*, *Davis* is a case of constitutional interpretation. To the extent that *Davis* can be read to impact the constitutionality of § 3559(c), Petitioner must proceed within § 2255 and seek authorization to file a successive § 2255 motion in the Fifth Circuit.

## CONCLUSION

For the reasons set forth above, Respondent's Motion to Dismiss (d/e [8]) is GRANTED and Petitioner Gary Paul Karr's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (d/e [1]) is DISMISSED pursuant to 28 U.S.C. § 2255(e). This matter is now CLOSED.

Signed on this 29th day of July, 2019.

*/s/ James E. Shadid*
James E. Shadid
United States District Judge